UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BITUMINOUS CASUALTY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-60 |
| ) | (VARLAN/SHIRLEY) |
| WALDEN RESOURCES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This civil action is before the Court on cross-defendants Walden Resources, LLC, Daniel Potts, and ZTX Drilling, LLC's Motion to Dismiss the Counter and Cross Claim by Defendant Michael Trump or in the Alternative for Summary Judgment [Doc. 83], in which cross-defendants Walden Resources, LLC, Daniel Potts, and ZTX Drilling, LLC (collectively, the "cross-defendants") move to dismiss defendant Michael Trump's counter- and cross-claim or, in the alternative, move for summary judgment as to the allegations set forth in the counter- and cross-claim. Mr. Trump has filed a response in opposition to this motion [Doc. 87]. The cross-defendants have filed a reply to that response [Doc. 89]. This matter is now ripe for the Court's consideration.

In their motion, the cross-defendants contend that Mr. Trump failed to file his state court complaint within the applicable statute of limitations [Doc. 83]. Cross-defendants thus argue that Mr. Trump's counter- and cross-claims are time-barred [*Id.*]. Mr. Trump argues in response that his claims are not time-barred because the complaint was timely filed [Doc.

87]. He argues further that, even if the complaint were not timely filed, he was already implicitly a party to this case as of February 19, 2009, when plaintiff filed the complaint and identified "various individuals" as having been notified of the incident at issue, which occurred on March 18-19, 2008 [*Id.*]. He argues alternatively that he was a party to this case as of February 19, 2009, because his employer was explicitly named in the complaint, and because Mr. Trump is an intended third-party beneficiary to a claim later brought by his employer [*Id.*].

As noted, the incident that serves as the basis of this dispute occurred on March 18-19, 2008. The parties do not dispute that Mr. Trump's complaint was not stamped as "filed" in state court until April 1, 2009, *see* Doc. 83, after the relevant limitations period had expired. *See* Tenn. Code Ann. § 28-3-104(a)(1) ("The following actions shall be commenced within one (1) year after the cause of action accrued: Actions for . . . injuries to the person."). Counsel for Mr. Trump explains, however, that a member of his staff mailed the state court complaint to "County Clerk Office, 100 N. Main Street, Room 301, Clinton, TN 37716" on March 13, 2009 [Doc. 87-1, ¶ 3]. The complaint was sent via 2-3 day priority mail [*Id.*]. Cross-defendants explain that the Anderson County Clerk's Office "is where drivers' license, marriage license and motor vehicle tags are renewed" [Doc. 89, ¶ 2]. But the County and Circuit Clerk's offices are located in the same building [Doc. 87]. Counsel for Mr. Trump goes on to explain that this staff member, after inquiring some days later as to why she had not yet received a stamped return copy of the complaint, was informed that although "both

2

the County Clerk and the Circuit Clerk had received the package, neither clerk had actually opened the package" [Doc. 87].

Mr. Trump has attached to his filing the unsigned affidavit of Ms. Brenda Holbrook, who was formerly a clerk in the Anderson County Clerk's Office [Doc. 87-1, ¶ 2]. Counsel for Mr. Trump avers that he prepared this affidavit and faxed it to Ms. Holbrook for her signature [Doc. 87]. Counsel for Mr. Trump further avers that Ms. Holbrook passed away before signing the affidavit [*Id.*]. Had Ms. Holbrook signed this affidavit, she would have represented that she remembered receiving a document mistakenly addressed to the County Court Clerk's Office, and directed that document to the appropriate office "shortly after March 13, 2009" [Doc. 87-1, ¶¶ 3, 5].

After consideration of this matter, the Court finds that Mr. Trump's complaint is not time-barred. A civil action is commenced by filing the complaint with the court. Federal Rule of Civil Procedure 3. "[F]iling takes place when the documents are tendered to the court clerk." *New Boston Dev. Co. v. Toler*, 999 F.2d 140, 142 (6th Cir. 1993). Although the Court is hesitant to credit unsworn claims purportedly made by a person who is now deceased, the Court nevertheless finds that when it views all of the evidence in the light most favorable to Mr. Trump, as it must do on a motion to dismiss, including the affidavits of counsel and of his staff member, along with the postage receipt supplied by counsel, the evidence appears to show that the complaint at issue was tendered to the appropriate clerk of court several days prior to the expiration of the applicable statute of limitations in this case. Mindful that the "rationale for concluding that receipt constitutes filing in the ordinary

civil case is [that] the [filer] has no control over delays between the court clerk's receipt and formal filing," *Houston v. Lack*, 487 U.S. 266, 273 (1988), the Court will deny defendants' motion to dismiss. The Court need not consider Mr. Trump's remaining arguments as to why his complaint is not time-barred.

Accordingly, cross-defendants' Motion to Dismiss the Counter and Cross Claim by Defendant Michael Trump or in the Alternative for Summary Judgment [Doc. 83] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
